## KNAPP & SPENCER CO. v. DREW.

(Circuit Court of Appeals, Eighth Circuit. March 17, 1908.)

No. 2,620.

1. APPEARANCE—JURISDICTION ACQUIRED.

Where, in a summary proceeding to recover money paid to a bankrupt's creditor, the creditor made a general appearance, filed an answer to the merits, and afterwards frequently recognized the court's jurisdiction over it, it could not thereafter assert that the court had no jurisdiction over its person.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appearance, § 79.]

2. BANKRUPTCY—FUNDS OF BANKRUPT—ACCEPTANCE AFTER BANKRUPTCY.

A creditor of a bankrupt, in taking money from him after the institution of bankruptcy proceedings, not only violated the spirit and purpose of the bankruptcy act by attempting to prevent the administration of the estate by the court, having taken jurisdiction through the actual possession of its receiver, but if the creditor took the money knowingly and fraudulently, it thereby violated Bankr. Act July 1, 1898, c. 541, § 29b, subd. 4, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), declaring that a person shall be punished on conviction of having knowingly and fraudulently received any material amount of property from a bankrupt after the filing of a petition with intent to defeat the act.

3. SAME—RECOVERY—SUMMARY PROCEEDINGS.

Where, after money belonging to a bankrupt's estate, in the hands of a receiver, had been returned to the bankrupt because of the receiver's failure to qualify, and then, pending the bankruptcy proceedings, was paid to a creditor, the latter had no such adverse claim or right to the money

as exonerated it from liability to summary proceedings for its restoration to the estate.

**4. SAME—REFERENCE—POWER OF REFEREE.**

Bankr. Act July 1, 1898, c. 541, § 38, 30 Stat. 555 (U. S. Comp. St. 1901, p. 3435), empowers referees in bankruptcy to perform such part of the duties, except as to questions arising out of applications for bankrupts for compositions or discharges, as by the act are conferred on courts of bankruptcy, as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts. Supreme Court bankruptcy rule 12 declares that, after a case had been referred to the referee, all the proceedings except such as are required by the act or by the general orders to be had before the judge shall be had before the referee. *Held,* that such provisions, with the provision for review by the judge on certificate from the referee, authorized by Bankr. Act July 1, 1898, c. 541, § 39 (6), 30 Stat. 556 (U. S. Comp. St. 1901, p. 3436), and general order 27, conferred jurisdiction on a referee to entertain a proceeding by a bankrupt's trustee against a creditor to recover money received from the bankrupt after the institution of the proceedings.

**5. SAME—APPEAL.**

Such sections and rules also afforded ample provision for review of the referee's decision by the judge of the District Court, from whose action alone an appeal could be prosecuted to the Circuit Court of Appeals.

**6. SAME—JUDGMENT—VACATION—RECOMMITMENT—EFFECT.**

In proceedings before a referee in bankruptcy to recover money paid to a creditor after the institution of the proceedings, a referee erroneously entered a personal judgment against the creditor for the amount so received instead of making the proper order for its repayment to the trustee. The District Judge determined that such action was erroneous, and caused to be entered an order that the judgment entered by the referee be vacated, and the cause remanded to the referee for further proceedings in accordance with law. *Held,* that the judgment referred to in the order was the erroneous personal judgment of the referee, and that on recommitment the referee properly refused to open the case for further hearing and permit the creditor to amend its answer and introduce new evidence.

**7. SAME—AMENDMENTS—NEW MATTER—DISCRETION.**

A proposed amended answer to a proceeding before a referee in bankruptcy to recover money from a creditor not having been exhibited to the referee in connection with an application to amend, and no other information being given him as to any new defense, and no showing of newly discovered evidence having been made, the application to amend was properly denied.

Appeal from the District Court of the United States for the District of Nebraska.

On December 15, 1902, Knapp & Spencer Company, the appellant, joined two other creditors of Harry Fullen in a petition filed in the court below to adjudicate him a bankrupt. Shortly thereafter the petitioning creditors secured the appointment of a receiver to take charge of the property of the bankrupt pending the proceedings for adjudication and appointment of a trustee. He took into his possession as such receiver, among other items, about $4,000 in money belonging to the bankrupt. Subsequently in bringing about a settlement with the bankrupt the appellant and others availed themselves of the fact that the receiver had given no bond as required by law, and secured an order for his discharge and for the return of the money in his hands to the bankrupt. The settlement was then consummated, by which it is claimed the bankrupt paid most of his creditors, including appellant, 40 per cent. of their respective demands; but the bankruptcy proceedings against him had not been dismissed. Other creditors not included or provided for in the settlement intervened, as they had a right to do under the provisions of the bankruptcy act, and secured a final adjudication against the bankrupt. The appellee,

Gerald M. Drew, who was subsequently appointed trustee, filed a petition setting forth the above facts, and, amongst other things, averred that appellant had received money belonging to the estate which the receiver had turned back to the bankrupt, and asked for a summary order upon appellant to show cause why it should not turn the same over to him. The referee issued an order to that effect. Appellant appeared to the petition, and filed a response denying that it had received any of the money in question from the bankrupt. It made no objection to the proceeding on the ground that it was of a summary nature. After several continuances a hearing of the petition was had before the referee and resulted in a finding that appellant had received from the estate of the bankrupt subsequent to the filing of the petition in bankruptcy the sum of $2,154.18, and that it was so done "without color or right." He concluded the findings with an order in the following words: "It is therefore considered, ordered, and adjudged by the court that said Gerald M. Drew as trustee have and recover of said Knapp & Spencer the sum of $2,154.18, and interest thereon from November 20, 1903, at the rate of seven per cent. per annum and the costs of this proceeding." In due time a petition for a review of that judgment was presented to the judge of the District Court. He, after hearing the same, made the following order: "That the judgment entered by the referee in favor of the trustee herein and against Knapp & Spencer Company be, and the same hereby is, vacated and set aside, and said cause is remanded to the referee for further proceedings in accordance with law." Simultaneously the court handed down an opinion in which, after reciting the fact that the referee rendered a personal judgment against appellant, said: "I am not aware of any provision of the bankruptcy law which authorizes a referee to render a personal judgment. It is quite probable that the referee had authority to investigate the subject-matter and to make an order for Knapp & Spencer Company to pay over to the trustee the money, which the evidence shows had been received by them from the bankrupt after the institution of the bankruptcy proceedings. If this order was not complied with, it would be the basis for a proper and appropriate proceeding to recover said money. Certainly the referee has no authority to render a judgment or issue an execution or other proceedings thereon, for its enforcement. It follows that the judgment of the referee thus entered must be vacated and set aside, which is accordingly done." Soon thereafter the trustee filed a motion before the referee asking for an order requiring appellant to forthwith turn over to him the sum of $2,154.18 and notice was served upon appellant that the same would be taken up for a hearing on a given date. Appellant appeared and objected to the jurisdiction of the referee to hear and determine the motion. Upon this objection being overruled appellant asked leave to amend the answer originally filed. The referee refused leave to amend and ordered appellant to turn over to the trustee the sum of $2,154.18 so originally found to have been received by it. Appellant refused to obey this order; secured a certificate from the referee, and presented the question involved to the District Judge for review. From his decision affirming the order of the referee, appellant duly appealed to this court.

Leonard B. Robinson and Edward M. Martin, for appellant.

Richard S. Horton, for appellee.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge (after stating the facts as above). 1. Appellant first contends that it was an adverse claimant of the money in question and could not be proceeded against summarily by motion, but was entitled to defend itself and justify its adverse claim in a plenary suit instituted by the trustee for the recovery of the money. This position, we think, is totally untenable. Appellant made no such claim in its original answer to the order to show cause. On the contrary it denied positively and under oath that it had ever received the money from the bankrupt as charged. Notwithstanding there was no issue

of an adverse claim to the money tendered or joined the referee took occasion to say in his finding that appellant's possession of the money was "without color or right." It is true the appellant objected to the jurisdiction of the court below on the ground that it was a citizen of a state outside the jurisdiction of that court, and claimed for that reason only that it was not amenable to its process. The appellant, however, made a general appearance to the proceeding, filed an answer to the merits, and afterwards frequently recognized the jurisdiction of the court over it. On well-recognized principles of law it cannot now be heard to say that the court had no personal jurisdiction over it. A hearing was had before the referee on the sole issue whether the appellant received money from the bankrupt as charged. By uncontradicted testimony the issue voluntarily joined by appellant was found against it. According to the pleadings and the proof the proceeding was one to secure a redelivery to the court of property formerly in its custody, and which it then had a right and duty to administer. The appellant in taking the money from the bankrupt after proceedings in bankruptcy had been instituted against him violated the spirit and purpose of the bankruptcy act by attempting to prevent the administration of the estate by the proper court after it had taken jurisdiction over it and had already taken the money in question into actual possession through its receiver. Not only so, but the officers of appellant in doing what they did, if the same was knowingly and fraudulently done, committed an offense denounced by section 29b, subd. 4, Bankr. Act July 1, 1898, c. 541, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), which reads:

"A person shall be punished by imprisonment for a period not to exceed two years upon conviction of the offense of having knowingly and fraudulently * * * received any material amount of property from a bankrupt after the filing of a petition, with intent to defeat this act."

Appellant clearly had no such adverse claim or right to the money as exonerated it from liability to summary proceedings for its restoration to the estate from which it had been improperly taken. White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Metcalf v. Barker, 187 U. S. 165, 176, 23 Sup. Ct. 67, 47 L. Ed. 122. The contention now made to that effect is obviously an afterthought.

2. The claim that the referee had no power to entertain the proceeding in question, make an investigation, and report his result to the court for its action is without merit. By section 38 of the bankruptcy act of 1898 the referee is empowered to "perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy, and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts." By general order No. 12 prescribed by the Supreme Court pursuant to the power conferred by the bankruptcy act upon it, after a case has been referred to a referee, "all the proceedings, except such as are required by the act or by these general orders to be had before the judge, shall be had

before the referee." These provisions with the provision for review by the judge on certificate from the referee as contemplated by section 39(6) and general order No. 27, not only conferred jurisdiction upon the referee to entertain the proceeding now under consideration, but afforded ample provision for review of his decision by the judge of the District Court from whose action alone an appeal to this court can be prosecuted. The jurisdiction of the referee in matters of this kind is fully recognized in Mueller v. Nugent, supra, and In re Rochford, 124 Fed. 182, 59 C. C. A. 388.

3. We think there was no error in not opening up the case for further hearing after it had been returned to the referee by the District Judge. Appellant had had its day in court on the only issue joined in the case. The referee had found by evidence which seems to admit of no contradiction, against the appellant on that issue. He had in explicit terms found that the appellant had received from the bankrupt after proceedings had been instituted against him the sum of $2,154.18 in money; but instead of making the usual and appropriate order for its repayment to the trustee by the appellant the referee undertook to enter and did enter a personal judgment for that amount. This the District Judge said in his opinion was unwarranted, and that "the judgment of the referee thus entered must be vacated and set aside." He then caused to be entered an order as follows:

"That the judgment entered by the referee in favor of the trustee herein and against Knapp & Spencer Company be, and the same is hereby, vacated and set aside, and said cause is remanded to the referee for further proceedings in accordance with law."

The "judgment" referred to in the opinion and order of court was clearly that personal judgment against appellant for the recovery of the money improperly taken by it, and has no relation to the finding of fact on which it was predicated, concerning which no fault was found or error suggested by the judge. He had in his opinion said:

"If this order [referring to the order which should have been made by the referee] was not complied with it would be the basis for a proper and appropriate proceeding to recover said money."

In view of the order as actually made by the District Judge considered by itself or as elucidated by the opinion, we think the remanding of the case was not for a further hearing of the issue of fact involved in it. The order was merely to set aside the unwarranted entry of judgment, and proceed according to law. That means, we think, to proceed to enter an order requiring appellant to pay the money found to have been unlawfully taken by it from the bankrupt subject to a possible rule for contempt in case of failure to comply with it. This was the interpretation placed upon the order by the referee, and we think he was right.

Conceding, however, that he might in his discretion on an appropriate showing, have permitted appellant to amend its answer and introduce new and relevant evidence, we are of opinion that no sufficient showing was made to warrant the exercise of discretion fa-

160 F.—27

vorable to appellant in that particular. No proposed amended answer was exhibited to the referee, and no other information was vouchsafed to him showing what new defense, if any, the appellant desired to make. Neither was there any showing that there were any facts newly discovered, material or otherwise, that appellant desired to bring forward. All the information which the motion and accompanying affidavits gave to the referee was that appellant desired to offer a large number of papers, contracts, and receipts which, with other testimony, would show facts claimed to constitute a defense. This was very general language, and gave no facts to show or ground to believe that appellant had a meritorious defense. The learned District Judge exercising supervising control over the referee approved his action, and we discover no reason for disturbing the conclusion reached by both of them on this matter which rests largely in discretion.

The decree below was for the right party, and is affirmed.