SCHMID v. ROSENTHAL.

(Circuit Court of Appeals, Third Circuit. March 24, 1916.)

No. 2057.

1. BANKRUPTCY ☞467—REVIEW—QUESTIONS OF FACT.

Nothing except a plain mistake will justify an appellate court in disregarding the findings of the referee in bankruptcy, approved by the District Court, upon disputed questions of fact.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ☞467.]

**2. BANKRUPTCY ⊚⟶136(2)—CONCEALMENT OF ASSETS—PROCEEDINGS—FINDINGS.**

A proceeding for an order requiring a bankrupt to turn over to the trustee assets which it is claimed he is concealing is not a proceeding to punish for contempt, and in that stage of the controversy the finding as to the bankrupt's possession of the concealed assets should be restricted to the date of the bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 235; Dec. Dig. ⊚⟶136(2).]

Appeal and Petition to Revise from the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

In the matter of S. A. Schmid, bankrupt. An order of the referee directing the bankrupt to pay concealed assets to David Rosenthal, the trustee, was affirmed by the District Judge, and the bankrupt appeals and files a petition to revise. Modified and affirmed.

Andrew Hourigan and David Oppenheimer, both of Wilkes-Barre, Pa., for appellant.

David Rosenthal and W. N. Reynolds, Jr., both of Wilkes-Barre, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. [1] On May 22, 1915, S. A. Schmid was adjudged an involuntary bankrupt, after carrying on business for about a year in the city of Wilkes-Barre. In July, the trustee filed a petition with the referee, averring that the bankrupt was concealing assets in the sum of $10,000, and asking for an order requiring the money to be turned over. Testimony was taken and a hearing had, the result being a finding by the referee that the bankrupt "had and now has in his possession" $5,102.20, and an order to pay over that amount forthwith. Upon a petition to review, the District Judge affirmed the order, directing the bankrupt to pay within 30 days from September 14. The present proceeding asserts the order to be erroneous, and assigns several errors, mainly to the effect that the referee's finding was not justified by the competent evidence. We agree that the record is not as satisfactory as we might desire, but we shall not discuss the facts, because we are satisfied nevertheless with the referee's conclusion. We see no sufficient reason to depart from the well-settled rule that nothing except a plain mistake will justify an appellate court in disregarding the concurrent findings of two subordinate tribunals upon disputed questions of fact. Epstein v. Steinfeld (C. C. A. 3d) 210 Fed. 236, 127 C. C. A. 54.

[2] Some confusion seems to exist in the minds of counsel concerning the effect of the order below, and we may say a few further words to make the situation clear. This is not a proceeding to punish for contempt; the controversy has not yet reached that stage. Nothing has been done thus far except to ascertain what sum of money the bankrupt should have accounted for at the time of the adjudication, and should have turned over to his trustee afterward. The prac-

tice in this circuit was definitely settled by the decision in Epstein v. Steinfeld, supra (followed in Re Pennell [C. C. A. 3d] 214 Fed. 341, 130 C. C. A. 645), and with a slight modification the referee's finding will conform to that decision. The finding should have been restricted to the date of bankruptcy, and should therefore be modified by striking out the words "and now has in his possession," and by substituting therefor the words "at the time the petition in bankruptcy was filed." The District Judge will of course fix another date for payment of the money.

Thus modified, the order appealed from is affirmed.