## In re HOOVER–McCLINTOCK MOTOR CAR CO.

(District Court, W. D. Tennessee, W. D. April 16, 1924.)

**1. Bankruptcy ☞288(1) — Referee's jurisdiction to determine validity of mortgage dependent on trustee's possession of property.**

Referee had jurisdiction, on petition of trustee in bankruptcy, to determine validity of deed of trust given by bankrupt, if trustee in bankruptcy had possession of the property or a material part thereof at time of the proceedings before the referee; otherwise, he was without authority.

**2. Bankruptcy ☞288(1)—Relative to showing jurisdiction of referee, statement of agreement not contradicted by statement of purpose of agreement.**

Relative to showing possession of property by trustee in bankruptcy, giving referee jurisdiction to determine validity of deed of trust given by bankrupt; affirmative statement of agreement between trustee in bankruptcy and trustees under the deed of trust that the trustee in bankruptcy was in possession is not contradicted by its further statement that it is entered into for purpose of permitting the property to be sold and the funds be held in lieu thereof.

**3. Bankruptcy ☞302(1) — Trustee's petition held sufficiently broad to confer on referee all his powers under bankruptcy statute.**

Petition of trustee in bankruptcy, while stating that he specifically relied on Bankruptcy Act 1898, §§ 60(b), 67(e), and 70(e), as amended in 1903 (Comp. St. §§ 9644, 9651, 9654), held not based on them, and sufficiently broad to confer on the referee whatever powers he had by virtue of the bankruptcy statutes, and to be treated as a petition to require the mortgagees

of bankrupt to show by what authority they claimed the property.

**4. Bankruptcy ☞166(3)—Deed of trust held invalid as preference.**

Deed of trust given by bankrupt, when insolvent to knowledge of all parties, and within four months prior to bankruptcy, held invalid, as creating a preference.

In Bankruptcy. In the matter of the Hoover-McClintock Motor Car Company, bankrupt. On review of proceedings before referee to determine validity of deed of trust given by bankrupt. Order in accordance with opinion.

McKinney Barton and W. Henry Borsje, both of Memphis, Tenn., for bankrupt.

Sivley, Evans & McCadden, of Memphis, Tenn., for petitioner.

ROSS, District Judge. Hoover-McClintock Motor Car Company was a Tennessee corporation engaged in the sale of motor cars at Memphis, Tenn. On the 26th day of February, 1921, it was duly adjudicated a bankrupt, and its assets on that date put into the possession of a trustee duly appointed in the bankruptcy proceedings. On the 1st day of February, 1921, the corporation executed a deed of trust to J. E. McCadden and Winstead Johnson, as trustees, to secure certain indebtedness therein mentioned represented by note aggregating $41,000. This deed of trust undertook to convey to the trustee the entire assets of the corporation including its stock in trade, tools, etc.

In the administration of the estate a controversy arose between the trustee in bankruptcy and the trustees under the deed of trust as to the property sought to be conveyed by the deed of trust. The trustee in bankruptcy filed a petition before the referee, seeking to have the trust deed set aside mainly upon the ground that at the time the same was executed the corporation was insolvent, that the same having been executed within 4 months prior to the bankruptcy proceedings, and in fact within 26 days prior or to the adjudication in bankruptcy, it constituted a preference, and that under the provisions of the Bankruptcy Act it was voidable as to the creditors. The trustees under the deed of trust resisted this application. They filed objections to the jurisdiction of the referee to hear and determine the question as to the validity of the deed of trust, and also filed answer to the petition.

Pending the administration and prior to the petition of the trustee in bankruptcy

above mentioned, an agreement was entered into between the trustee in bankruptcy and the trustees under the deed of trust, of date April 9, 1921, by the terms of which, for the purpose of saving costs and expenses of disposing of the estate of the bankrupt, it was agreed that the property in question might be sold and the proceeds held until the controversy as to the ownership thereof could be determined by a court of competent jurisdiction.

Proof was heard by the referee, and upon consideration of the matters the referee was of opinion that he had jurisdiction to determine the question as to the validity of the deed of trust, declared the same void, and ordered the proceeds of the assets which had been disposed of under the agreement of the parties distributed as a part of the assets of the bankrupt. Objection was duly made to this ruling of the referee, petition for review filed, and the matter has been duly certified for determination.

[1, 2] The determination of the matters in controversy presents as the first question for consideration whether or not the trustee in bankruptcy was possessed of the property in question at the time of the proceedings before the referee here complained of. If the trustee had possession of the property the referee had jurisdiction to determine the question as to the validity of the deed of trust. If the trustee had no such possession the referee was without authority to consider the matter. White v. Schloerb, 178 U. S. 542, 546, 20 Sup. Ct. 1007, 44 L. Ed. 1183; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, 7 Am. Bankr. Rep. 224; In re Logan (D. C. N. Y.) 196 Fed. 678, 28 Am. Bankr. Rep. 543; Matter of Schmid (C. C. A. 3) 230 Fed. 818, 145 C. C. A. 128, 36 Am. Bankr. Rep. 548; Knapp & Spencer Co. v. Drew (C. C. A. 8) 160 Fed. 413, 87 C. C. A. 365, 20 Am. Bankr. Rep. 355; In re Scrinopskie (Ref. Kan.) 10 Am. Bankr. Rep. 221; In re Holbrook Shoe & Leather Co. (D. C. Mont.) 165 Fed. 973, 21 Am. Bankr. Rep. 511; In re Schimmel (D. C. Pa.) 203 Fed. 181, 29 Am. Bankr. Rep. 361; Mound Mines Co. v. Hawthorne (C. C. A. 8) 173 Fed. 882, 97 C. C. A. 394, 23 Am. Bankr. Rep. 242; Matter of Valecia Condensed Milk Co. (D. C. Wis.) 233 Fed. 173, 37 Am. Bankr. Rep. 504; Matter of Kramer & Muchnick (D. C. Pa.) 218 Fed. 138, 33 Am. Bankr. Rep. 223; In re Blum (C. C. A. 7) 202 Fed. 883, 121 C. C. A. 241, 29 Am. Bankr. Rep. 332; In re Hayden (D. C. Mass.) 172 Fed. 623, 22 Am.

Bankr. Rep. 764; Weidhorn v. Levy, 253 U. S. 268, 40 Sup. Ct. 534, 64 L. Ed. 898; Wright v. Harris (D. C.) 221 Fed. 745; Dure v. Wright, 228 Fed. 1021, 142 C. C. A. 654; In re McMahon, 147 Fed. 684, 77 C. C. A. 668; Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157; In re Oswegatchie, etc., Corp'n (C. C. A.) 279 Fed. 547, 22 A. L. R. 1334, certiorari denied by U. S. Supreme Court in Abbott Factory v. Bancroft, 259 U. S. 580, 42 Sup. Ct. 464, 66 L. Ed. 1073.

The record discloses that the trustee in bankruptcy was possessed of the property in question. In addition to the facts disclosed by the evidence, the agreement entered into on April 9, 1921, expressly states in the first paragraph thereof that the trustee was in possession of the majority of the automobiles described in the trust deed, and by the terms of this agreement it is provided that the funds be held by the trustee in bankruptcy and J. E. McCadden, "subject to the orders of the bankrupt court." It is true the agreement states that it is entered into for the purpose of permitting the property to be sold and for the funds to be held in lieu thereof, but this in no wise contradicts the affirmative statement in the agreement that the trustee is at least in the possession of the majority of the automobiles. Possession of any material part of the res gave the referee jurisdiction to determine the validity of the deed of trust affecting such property. As a matter of law and fact the trustee was possessed of all the property in question. Therefore the jurisdiction of the referee to pass upon the questions submitted to him was clear.

The next question presented is that, if the referee had jurisdiction, he was not warranted in holding the deed of trust void. As a matter of fact, at the time the deed of trust was executed, the corporation was hopelessly insolvent, if, indeed, it was ever solvent. It conveyed the entire assets of the corporation, and was executed to secure antecedent liabilities. The notes described in the deed of trust were in reality given as collateral security for a note of $40,000 to the Union & Planters' Bank & Trust Company, which had formerly been executed to that bank by the bankrupt. The original note was not surrendered, and the record shows that the deed of trust was in fact executed upon the bankrupt's estate to secure the payment to the bank of the original indebtedness. Furthermore, the Union & Planters' Bank & Trust Company, the trustees named in the deed of trust, are

bound to have known of the insolvent condition of the bankrupt at the time of the execution of the deed of trust, and certainly the insolvent condition was known at that time to ·the bankrupt. Practically every element necessary to render the deed of trust void as a preference existed at the time of its execution.

[3, 4] It is next insisted in behalf of the trustees under the · deed of trust that the proceeding should not have been entertained by the referee, for the reason that the trustee in bankruptcy based his right of action upon sections 60b, 67e, and 70e of the Bankruptcy Act of 1898, as amended by the Act of February 5, 1903 (Comp. St. §§ 9644, 9651, 9654), relating · to bankruptcy. This position is not tenable. While the trustee in bankruptcy states in his petition that he specifically relies upon these sections, yet the petition is not based upon them alone, and is broad enough to confer upon the referee whatever powers he had by virtue of the bankruptcy statutes.

It may be that the petition filed by the trustee was largely in the nature of a bill in equity, still it may be treated as a petition to require the mortgagees to show by what authority they made claim to the property in question. The referee so considered, and it is so considered here, and while the action of the referee in declaring the deed of trust void is deemed to have been well warranted, and inasmuch as the matter is now in this court for determination, it is now held that at the time the deed of trust was given on February 1, 1921, the corporation .was insolvent, that the giving of the deed of trust in law and fact created a preference, that the corporation, the beneficiaries under the deed of trust, and the trustees therein knew of the insolvent condition of the corporation, that it was executed within less than 4 months prior to the bankruptcy, that the trustee took possession of at least the greater portion of the property involved, that the deed of trust was invalid, and, being invalid as a matter of law, the trustee had possession of the whole of the property of the bankrupt, and the assets derived from the sale of the property should be administered as assets of the bankrupt corporation for the benefit of the creditors, as determined by the referee.

There are other grounds upon which the deed of trust might be held void, but it is unnecessary to further consider the matter here. An order will be prepared in accord with this opinion.