### In re FERRELL.
### No. 4082.

District Court, S. D. Florida.
Jan. 20, 1932.

Frank J. Heintz, of Jacksonville, Fla., for petitioning creditors.

Zacharias, Sabel & Reinstine, of Jacksonville, Fla., for bankrupt.

RITTER, District Judge.

This matter comes on for hearing on petitions of Pacific Mutual Life Insurance Company and the Accacia Mutual Life Insurance Company to review an order of the referee in bankruptcy, overruling their motions to quash and to dismiss the petition filed by the trustee in bankruptcy, upon which an order to show cause was directed to the petitioners. The trustee's petition states that the bankrupt, after the filing of the involuntary petition in bankruptcy, and prior to the appointment and qualification of the trustee, paid to the respective defendants premiums on policies of insurance issued on the bankrupt's life; that the money so paid was the money of the bankrupt estate, and was paid without right or authority, and seeks in a summary action to have the said premium moneys returned to the trustee. Upon a rule to show cause being issued upon that petition by the referee, the defendant

insurance companies filed the aforesaid motion attacking the jurisdiction of the court on various grounds, which we shall dispose of in the order presented.

■ Taking the motion to quash and dismiss of the Pacific Mutual Life Insurance Company as presenting the questions for both defendant insurance companies, the first ground is that it "denies the jurisdiction of this court over the person of Pacific Mutual Life Insurance Company, a corporation, and/or property or money which may be in the possession, custody or control of Pacific Mutual Life Insurance Company." Counsel, in their brief, in arguing this question, assert that the insurance company is a resident and has its principal place of business in the state of California, and the Acacia Mutual Life Insurance Company has its domicile and principal place of business in the District of Columbia, and that consequently no summary proceedings by a trustee in bankruptcy can be had within the jurisdiction of this court, but must be in the bankruptcy court where the defendants reside. My answer to this argument is that nowhere in the petition are the facts so argued set forth. Certainly the statement quoted from the motion is a mere conclusion of law, without any jurisdictional facts being set forth. Therefore that part of the motion must be deemed irrelevant, and denied accordingly.

■ The other points in the motion may be summarized under the general proposition that the petition does not set forth facts sufficient to give summary jurisdiction in this matter; that, under the facts, the trustee can only proceed in a plenary action, if at all, to recover the money so paid. The bankruptcy court has full power to bring in parties whenever necessary to completely dispose of the matters before it.

■ A bankruptcy court has the power in the first instance to determine the existence of the conditions upon which its right to proceed depends in reference to deciding title to bankruptcy property. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; Priest v. Weaver (C. C. A.) 43 F.(2d) 57. That is, it must be decided whether the title of a third person is colorable merely, or whether there is adverse possession. If the property is in the possession of the bankrupt at the time the petition is filed, either actually or constructively, it is in custodia legis, in which case the court may proceed by summary action to determine all questions or claims in reference

thereto. If it is not in such possession, but in the possession of other parties asserting a substantial adverse claim, then the trustee must proceed by plenary suit. Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405; 5 Remington on Bankruptcy (3d Ed.) par. 2365, p. 448; In re Hoover-McClintock Motor Car Co. (D. C.) 1 F.(2d) 660, 661.

"The jurisdiction of the bankruptcy court to determine in a summary proceeding adverse claims created before the filing of the petition in bankruptcy to liens upon and titles to property claimed by the trustee as that of the bankrupt is conditioned and limited by its actual possession thereof." In re Rathman (C. C. A.) 183 F. 913, 914; In re Rochford et al. (C. C. A.) 124 F. 182; Clay v. Waters (C. C. A.) 178 F. 385, 21 Ann. Cas. 897; Shea v. Lewis (C. C. A.) 206 F. 877; In re McMahon (C. C. A.) 147 F. 684; In re Lipman (D. C.) 201 F. 169; Silver v. Stearns (C. C. A.) 58 F.(2d) 626.

The next question therefore is, Was the money paid to the insurance companies a part of the bankrupt's estate in possession of the bankrupt at the time of payment? I do not think there can be any serious dispute of the fact that all the property of a bankrupt at the time the petition in bankruptcy is filed is in the custody of the court, whether a receiver is appointed or not, and the bankrupt holds the property as a quasi trustee for his creditors. He so holds the property until the appointment and qualification of a trustee, who thereupon becomes vested by operation of law with the title of the bankrupt as of the date of adjudication. Acme Harvester Co. v. Beekman, 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; section 1382, vol. 4, Remington on Bankruptcy; Johnson v. Collier, 222 U. S. 538, 32 S. Ct. 104, 56 L. Ed. 306. This last case decides that, between the time of filing the petition in bankruptcy and the appointment of a trustee, the estate can be protected by the bankrupt in the institution and maintenance of a suit to prevent loss, where it will aid the estate; that, for such purpose, title is in the bankrupt until the trustee is appointed. Remington on Bankruptcy, vol. 4, § 1384.

In the case of Farmers' & Mechanics' National Bank v. Wilkinson, 295 F. 120, 122 (5 C. C. A.), the court says: "We understand it to be well settled that, as to the bankrupt's property, the hands of the bankrupt and of his creditors are stayed from the date of the filing of the bankruptcy petition, and that his estate then passes actually or potentially into the control of the bankruptcy court."

■ The payment of money by a bankrupt, after a petition is filed, on a debt, is a transfer of property within the meaning of the law (see 11 USCA § 96). New York County Nat. Bank v. Massey, 192 U. S. 138, 24 S. Ct. 199, 48 L. Ed. 380; Pirie v. Chicago Title & Trust Co., 182 U. S. 438, 21 S. Ct. 906, 45 L. Ed. 1171.

In Citizens' Union National Bank v. C. W. Johnson, Trustee (C. C. A.) 286 F. 527, 31 A. L. R. 255, and In re Zotti (C. C. A.) 186 F. 84, Ann. Cas. 1914A, 240, it is held that a bank which honors checks of a bankrupt after the filing of the petition in bankruptcy is protected under the law from repaying the same, but these cases are not analogous to the question we are considering, for the court in these cases points out that the conclusion was necessary from a business point of view, since to hold otherwise would place an impossible burden on a bank by compelling it, at its peril, to keep advised, not only daily, but momentarily, of the filing of petitions for adjudication of bankruptcy against its depositors in any competent jurisdiction. I presume the court in these cases relied upon the rule of construction that the consequences of a statute may be considered in construing it, referring to section 70a of the Bankruptcy Act of 1898 (11 USCA § 110 (a), and the amendment thereof in 1910 (36 Stat. 838).

In Re Howe (D. C.) 235 F. 908, 910, is considered the liability of a bank which pays a check after the filing of a petition in bankruptcy, which check was drawn before such filing. The court says: "If, instead of having delivered the check before the petition and adjudication, he had not done so until afterward, and the payee, in ignorance of the facts, had collected it, it is clear that the payee could not, as against the trustee in bankruptcy, retain the money so received."

■ I do not think that the argument and citations of counsel for the insurance companies on the payment of checks by a bank is decisive of the question here, because the facts differ. No grave business factors enter into the situation we are considering. The money which the bankrupt paid for premiums on his own life insurance policies was the money of the bankrupt estate, which he held as quasi trustee, and he could not part with the same for his own personal benefit. Remington on Bankruptcy, vol. 4, § 1393. These life insurance policies on his own life did not redound to the benefit of his estate. There was no consideration for the payment of the money passing to the benefit of the estate. The estate is lessened to the extent of the payment of the premiums, and the creditors have lost that amount of money unless repayment is made. The insurance companies are not in the situation of banks in the daily course of business so as to be the beneficiaries of the business jeopardy principle. They have received money for the private debt of the bankrupt out of trust funds, and no title can pass therefor, whether the insurance companies knew of the bankruptcy proceedings or not. Knapp & Spencer Co. v. Drew (C. C. A.) 160 F. 413. These companies are in possession of property of the bankrupt, delivered to them by the bankrupt without right or authority. They hold the same as agents or trustees of the bankrupt, and the return of the same may be reached in summary proceedings. Their possession is not even colorable with possessory rights. If the doctrine was to prevail that a bankrupt could, between the date of filing the petition in bankruptcy and the date of appointment of a trustee, deal with the estate as he saw fit, without regard to the rights of the creditors in the preservation and maintenance of the same, it would be a sad commentary on the efficiency or the necessity for a bankruptcy law.

The courts have construed the Bankruptcy Act to permit the bankrupt to do what may be necessary to preserve and augment the estate under certain conditions during that period, but no case can be found which would permit the bankrupt to pay his private debts out of the bankrupt estate during that time and allow the recipient of the money to hold the same. The dealings between the bankrupt and insurance companies were not matters in due course of business. The purchasing of life insurance was a special transaction between the parties for the interest of the bankrupt personally, and to the detriment of the bankrupt estate.

I think the facts presented in the petition are sufficient upon which to found an action. I have gone into a discussion of the law perhaps prematurely in passing upon the motion to dismiss, but my views might be known now as well as later, if the facts stated in the petition upon which the rule to show cause was made are sustained by the evidence.

The motions to quash and dismiss filed by the Pacific Mutual Life Insurance Company and the Accacia Mutual Life Insurance Company are denied.