### HINDS v. MOORE.

#### (Circuit Court of Appeals, Sixth Circuit. January 11, 1905.)

#### No. 1,347.

**1. BANKRUPTCY—VALUE OF GOODS—PROCEEDINGS BY TRUSTEE—APPEAL.**

Where goods in possession of the bankrupt were delivered to a claimant, and he was thereafter ordered to pay the value of the goods to the trustee, in summary proceedings brought against him on an order to show cause, he was entitled to appeal from such order to the Circuit Court of Appeals, under Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431], authorizing appeals in "controversies arising in bankruptcy proceedings," though the order was not appealable under section 25a (30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), giving such court revisory and superintending powers over the "proceedings of the several inferior courts of bankruptcy," etc.

2. SAME—PROCEEDINGS—ORDER TO SHOW CAUSE.

Where a receiver in bankruptcy delivered certain goods in the possession of a bankrupt to a claimant on the ground that the title to the property was in the claimant, and not in the bankrupt, the court's custody of the property was thereby surrendered, and the bankrupt's trustee was not thereafter entitled to recover the value of the property against the claimant in summary proceedings on an order to show cause.

Appeal from the District Court of the United States for the Western District of Tennessee.

For opinion below, see 129 Fed. 922.

This is an appeal from a judgment of the District Court requiring the appellant, Isaac Hinds, to pay to the trustee in bankruptcy of the Leeds Woolen Mills Company the sum of $500, with interest and all the costs of the proceeding. The Leeds Woolen Mills Company, a corporation engaged in business as tailor and dealer in clothes at Memphis, Tenn., was adjudged a bankrupt, and F. E. Moore duly appointed trustee. Thereupon Moore, as trustee, filed November 15, 1902, a petition in the bankruptcy cause against the appellant, Issac Hinds, in which it was alleged that the woolen mills company was adjudged a bankrupt April 8, 1902, and the proceedings referred to R. D. Jordan, as referee; that under a rule of the bankrupt court for the Western District of Tennessee the said referee qualified as receiver, and took possession of the assets of the bankrupt, consisting of a stock of cloth goods, trimmings, etc., not itemized, being in a certain storeroom; that among the goods in said storeroom were two boxes of cloth which were claimed by appellant as never having been sold or delivered to the bankrupt; that the officers and agents of the bankrupt also represented that the bankrupt had not bought or received said two boxes of goods, same having been shipped by said Isaac Hinds to himself, care of the Leeds Woolen Mills Company. The petition then alleges that the said referee and receiver, relying upon the representations of the said Hinds and of the bankrupt, permitted Hinds to receive said goods, and remove them from the storeroom in which was the bankrupt's stock. It is then, in substance, charged that in fact these goods had been sold and delivered to the bankrupt, and that title had passed; that the same goods so recovered by Hinds had been subsequently disposed of by him to another establishment at Memphis. It is then averred that these facts constitute a wrongful taking of the goods from the possession of the bankrupt court. The petition concludes with a prayer for an order on Hinds "to show cause why he should not be compelled to account to the trustee of said bankrupt and to the court for the value of said goods," which is averred to be $500. An order to show cause was accordingly made. Hinds appeared, and specially demurred upon the ground that the court had no jurisdiction to proceed against him for the value of said goods by an order to show cause, nor in any other way, in said court, without his consent. This demurrer was overruled, and Hinds required to file an answer, with leave to rely on same in his answer. Thereupon Hinds, not consenting to the jurisdiction, but still relying on his demurrer, answered, in which he denies that he ever sold the goods in question to the bankrupt, and that same had been shipped to his own order, care of the bankrupt, and had not been received or opened by the bankrupt, and that his claim made to the referee and receiver was true, and the delivery to him rightful. The issue made upon the title to the goods by the petition and answer was referred to a master to take proof and report. The master reported in favor of the contention of the trustee that the title had passed to the bankrupt, and that the value of the goods was $500. Exceptions by the appellant were overruled, and the report confirmed, and appellant directed to pay to the trustee $500 and interest, as the value of the goods.

Robert W. Mobray, for appellant.

D. W. De Haven, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

The motion of the appellee to dismiss the appeal must be denied. The motion is grounded upon the contention that the proceeding is not an appeal under section 25, Bankr. Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], nor an appeal such as is cognizable under the general appeal powers of this court from "controversies arising in bankruptcy proceedings," under section 24a (30 Stat. 553 [U. S. Comp. St. 1901, p. 3431]), but, if reviewable at all, is so only under section 24b, giving this court revisory and superintending powers over "the proceedings of the several inferior courts of bankruptcy," etc. That this is not an appeal in one of the special cases mentioned in section 25a must be conceded. The petition of the trustee, and the answer of the defendant thereto, raised a distinct and separable controversy over certain property adversely held and claimed by the defendant thereto. It may therefore be well treated as one of those "controversies arising in bankruptcy proceedings," over which this court may exercise general appellate jurisdiction, as in other cases under section 24a. Hewitt v. Berlin Machine Works, 194 U. S. 296, 300, 24 Sup. Ct. 690, 48 L. Ed. 986; In re First National Bank of Canton (decided by this court at present session) 135 Fed. 62; Boonville Bank v. Blakey, 107 Fed. 891, 47 C. C. A. 43; Steele v. Buel, 104 Fed. 968, 44 C. C. A. 287.

But we are of opinion that the demurrer should have been sustained to the petition of the bankrupt's trustee. The learned trial judge thought the case fell under White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183. In that case a stock of merchandise belonging to the bankrupt, and in the possession of the referee—no trustee having been appointed—was held to be in the custody of the bankrupt court, and that the District Court had jurisdiction to compel, by summary process, the return of goods taken from the referee's possession by a writ of replevin issuing from a state court. The opinion or answer to the questions certified by the Court of Appeals is carefully limited. Thus it is said:

"Not going beyond what the decision of the case before us requires, we are of opinion that the judge of the court of bankruptcy was authorized to compel persons who had forcibly and unlawfully seized and taken out of the judicial custody of that court property which had lawfully come into its possession, as part of the bankrupt's property, to restore that property to its custody."

As observed by Chief Justice Fuller in the subsequent case of Metcalf v. Barker, 187 U. S. 165, 176, 23 Sup. Ct. 67, 71, 47 L. Ed. 122, White v. Schloerb "proceeded on the familiar doctrine that property in the custody of a court of the United States cannot be taken out of that custody by any process from a state court, and the jurisdiction of the District Court sitting in bankruptcy by summary proceedings to maintain such custody was upheld." In the case at bar, property has not been taken from the custody of the court under process from a state court. Neither has it been taken by force or fraud. Neither does the petition in this case seek the

mere redelivery to the court of property formerly in its custody. The property in controversy was once technically in possession of the bankruptcy court through its referee, who, under rule of the court, had power to hold the bankrupt's estate, as receiver, until a trustee should be selected. But the bankrupt proceedings, after adjudication, had been referred to this referee, who had, therefore, "much of the judicial authority of the court." White v. Schloerb, supra, and Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. The goods in question were in closed boxes. They had been consigned by appellant to his own address, care of the bankrupt. Appellant claimed that he had never sold or delivered these goods, and the bankrupt disclaimed title. What should the referee do? He had no other possession than such as resulted from having locked the door of the storeroom which had been occupied by the bankrupt. He had neither the authority nor the purpose to take and hold property which was not the bankrupt's. Thus situated, he allowed appellant to remove these boxes as his own. This was a voluntary surrender of whatever possession the court had had—a surrender by one having much of the judicial authority of the court and the court's custodian. Conceding that he did not have authority—being a mere custodian, without title, to conclude the bankrupt's trustee—does it follow that, after waiting seven months, as the trustee did, and until the goods themselves had been again sold, the trustee may now assert the bankrupt's title by a summary proceeding, not to bring about a restoration of the goods to the court's custody, but to recover, under a rule to show cause, the value of the goods so surrendered voluntarily to the appellant. The case is distinguishable in its facts and upon principle from White v. Schloerb. There has been no use of the writ of another court. There has been no taking by force or fraud. Neither is it possible to restore the goods themselves to the custody of the court. A money judgment for the value of the goods is the relief sought, and the only relief possible. To obtain that relief, the trustee concedes that the question of title and value must be tried out under a rule to show cause. The trustee's claim is that the goods in question had been bought from appellant, and that the title had passed, although the goods had confessedly never been paid for, and the voluminous evidence in the case involves only this question, and no more. The claim made to the referee is precisely the claim preferred now by the appellant. Whether the title had or had not passed is a close question of law and fact. The master, upon a view of all the evidence, has reported both ways. Confining ourselves to the case before us, we think the bankrupt court did not have jurisdiction to require the appellant to show cause why he should not pay to the bankrupt's estate the value of the goods so voluntarily surrendered by the referee to him. The court, having voluntarily parted with the custody of the goods, has not the jurisdiction to proceed summarily for their value. The most that can be said is that the referee and receiver made a mistake and exceeded his legal power, the title not being in him. But conceding this, and conceding that the trustee is not thereby concluded, we are of opinion that the appellant cannot be dealt with as if he were a trespasser, a thief, or had proceeded under an unlawful writ. He re-

fused to consent to the court's jurisdiction, and at no time waived his right to be proceeded against regularly and in a court having jurisdiction.

Reverse the judgment, and remand, with direction to sustain the demurrer to the jurisdiction.