### In re WESTERN ROPE & MFG. CO.

### CHAMBERLIN v. HARRISON.

(Circuit Court of Appeals, Eighth Circuit. April 23, 1924. Rehearing Denied July 9, 1924.)

Nos. 250, 6403.

1. Bankruptcy ⚮288(1)—Court has jurisdiction to determine whether alleged adverse claim is merely "colorable," and, if it is, to dispose thereof in summary manner.

Bankruptcy court has jurisdiction to determine whether claim to money received from bankrupt is held adversely to bankrupt, and, if it is colorable only, to adjudicate merits in summary manner; a claim being "colorable" when, admitting facts alleged, there is as matter of law no adverseness in claim.

2. Bankruptcy ⚮288(1)—In determining whether alleged adverse claim merely colorable, court must consider claimant's allegations as true.

In determining whether alleged adverse claim of one who received money from bankrupt's estate before insolvency is merely colorable, the court must consider claimant's allegations as true.

3. Bankruptcy ⚮288(1)—Adverse claim to money received from bankrupt held not merely colorable as matter of law.

Where stockholder in bankrupt corporation, with consent of only other stockholder, received money from corporation while it was still solvent, which she used to pay debt to her mother, held, that her claim that she held money adversely to bankrupt could not be said to be merely colorable as matter of law, and bankruptcy court had no power to dispose of matter in summary manner.

4. Bankruptcy ⚮440—Review of order of bankruptcy court involving question of fact is by appeal, and not by petition to revise.

Proper method of reviewing order of bankruptcy court involving questions of fact is by appeal, and not by petition to revise.

Petition to Revise Order of and Appeal from the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Summary proceeding by George Harrison, trustee in bankruptcy of the Western Rope & Manufacturing Company, bankrupt, against Anna B. Chamberlin. On petition to revise and on appeal from an order in favor of trustee. Petition to revise dismissed, appeal sustained, and order of bankruptcy court reversed, with instructions.

H. B. Martin, of Tulsa, Okl. (Roy A. Reynolds, of Tulsa, Okl.; on the brief), for appellant and petitioner.

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Philip Kates, of Tulsa, Okl., and Samuel A. Mitchell, of St. Louis, Mo., for appellee and respondent.

Before STONE and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. These are a petition to revise and an appeal from an order of the bankruptcy court in a summary proceeding requiring petitioner (appellant) to turn over certain money to the trustee as property of the bankrupt.

[1] Petitioner (appellant) was made an additional party in the bankruptcy proceeding and served with a writ to show cause why she should not turn over property in her possession because the same was part of the bankrupt estate. From the first, and all through the proceeding, petitioner (appellant) has challenged the jurisdiction of the bankruptcy court to hear and determine this matter in a summary proceeding, claiming that it can only be examined in a plenary action. The bases upon which the referee and court below retained jurisdiction and upon which respondent (appellee) hopes to sustain the jurisdiction here is that the contention of petitioner (appellant) that its claim is adverse is merely colorable within the meaning of Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, and other similar cases. We think the Mueller Case and quite a few other cases before the various Courts of Appeals have established the doctrine that where the claim alleged to be adverse is not really so, but only colorably such, that the bankruptcy court has jurisdiction to determine the character of the claim in that respect and, if it is colorable only, to adjudicate the merits of the matter in a summary manner. The application of this rule involves a definition of what is meant by colorable. In our judgment, the meaning of that word as used in this connection is that a claim alleged to be adverse is only colorably so when, admitting the facts to be as alleged by the claimant, there is, as matter of law, no adverseness in the claim.

[2, 3] Measured by the above standard, we cannot say that this claim is merely colorable. The claim here is, as shown by the testimony, that a Mrs. Gessel, who was a stockholder in a corporation which was the immediate predecessor of the bankrupt, was given money from the assets of that company, with the permission of the only other stockholder with herself in that company, at a time when such company was entirely solvent; the sums taken might have been declared as dividends; that this money was given to her mother, the petitioner (appellant) in payment of indebtedness due petitioner (appellant) from Mrs. Gessel. However improbable or even fraudulent this claim may be, yet that matter has no bearing upon determination of jurisdiction, but is pertinent only on the merits in the court properly having jurisdiction of the controversy. For the purposes of determining whether this claim is merely colorable, we think we must take it that the above circumstances would be shown and might be found to be true. In that view of the matter, we cannot say as matter of law, that there is no merit to the claim.

[4] As matter of fact is involved in the hearing in this court, the proper method of review is by appeal. Therefore the petition to re-

vise will be dismissed. As the judgment below was wrong, the appeal will be sustained and the order of the bankruptcy court reversed with instruction to dismiss the proceeding without prejudice to the institution of a plenary action by the trustee in any court of proper jurisdiction.