In re COCHRAN et al.
No. 30460.

District Court, W. D. Washington, N. D.
April 16, 1930.

Hartman & Hartman, of Seattle, Wash., for petitioner.

Leopold M. Stern of Seattle, Wash., for trustee.

NETERER, District Judge (after stating the facts as above).

 The title in the exchange seat is property incorporeal in character and vested in the trustee as of the date of adjudication. Section 110, title 11 USCA (section 70, Bankruptcy Act). See also Odell v. Boyden (C. C. A.) 150 F. 731, 10 Ann. Cas. 239; and cases cited; Board of Trade, etc., v. Johnson, 264 U. S. 1, 44 S. Ct. 232, 68 L. Ed. 533. The transfer, if any, by the bankrupt, while insolvent, within four months prior to filing of the petition, is "deemed null and void." Section 107, title 11 USCA (section 67, Bankruptcy Act). The trustee may avoid any such transfer and recover "the property * * * or its value, from the person to whom it was transferred" (section 110, title 11 USCA), or from the person converting it. In re Payman (D. C.) 36 F.(2d) 823.

From the filing of the petition the exchange seat was in custodia legis. The possession may have been constructive and not manual, but it was only because it was not capable of more tangible custody, and it was an adjudication not in possession of adverse claimant, and the jurisdiction of the bankruptcy court attached, Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405; In re Hoey (C. C. A.) 290 F. 116, and was exclusive, U. S. F. & G. Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055; Lazarus v. Prentice, 234 U. S. 263, 34 S. Ct. 851, 58 L. Ed. 1305; Acme Co. v. Beekman Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208, and the "seat" was withdrawn from the jurisdiction of all other courts, Georgia v. Jesup, 106 U. S. 458, 1 S. Ct. 363, 27 L. Ed. 216; Murphy v. Hoffman, 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327. See also May, etc., v. Henderson, etc., 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870. Where the state court and the federal court had concurrent jurisdiction, the jurisdiction of the court first attached must prevail. Spokane County v. United States, 279 U. S. 80, 49 S. Ct. 321, 73 L. Ed. 621.

 The exchange of the seat for money did not change the custodia legis status of the property. The trustee could elect to confirm the sale and demand delivery of the money received in exchange for the seat. The conversion of the curb exchange seat by the curb exchange did not create the curb exchange an adverse claimant within the bankruptcy act or rules. Such a relation could only exist where possession of the property and claim thereto asserted was prior to the bankruptcy proceedings or adjudication. Any other rule would result in chaos. Porter v. Sabin, 149 U. S. 473, 13 S. Ct. 1008, 37 L. Ed. 815. The court may determine all controversies over property in custodia legis, and its jurisdiction cannot be destroyed after it attaches, or impaired through a seizure thereof by an adverse claimant. Whitney v. Wenman, 198 U. S. 540, 25 S. Ct. 778, 49 L. Ed. 1157; Mueller v. Nugent, supra; White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; In re Schermerhorn (C. C. A.) 145 F. 341. The trustee is an officer of the court and entitled, in administering his trust, to the court's protection. In re Montevallo Mining Co. (D. C.) 2 F.(2d) 979.

 The powers of the referee are granted and limited by the Bankruptcy Act, general orders, and order of reference. Bankruptcy Act § 1 (section 1, title 11 USCA) (7) "'Court' shall mean the court of bankruptcy in which the proceedings are pending, and may include the referee." Section 38, Bankruptcy Act (section 66, title 11, USCA), invests the referee, subject to review by the judge, with jurisdiction to "(4) perform such part of the duties * * * as are by this title conferred on courts of bankruptcy. * * *" General Order 12 (See 11 USCA § 53), requires that a copy of the order of reference be delivered to the referee; "* * * thereafter all the proceedings, except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee." And further provides that the referee shall act upon the matters arising under the several cases referred to him and "perform the duties which they are empowered by the act to perform," except enjoin proceedings of a

court or officer of the United States or of the state.

No court or officer of the United States or of the state was enjoined in this proceeding. The order was a general reference without restriction. The referee had power to issue the injunction. In re Roger Brown & Co. (C. C. A.) 196 F. 758. The curb exchange was enjoined from proceeding in the state court against the trustee in bankruptcy, an officer of this court.

Any attempt to disturb the custody or possession of property in custodia legis, without leave first obtained, is contempt of court on the part of the person making it. Wiswall v. Sampson, 55 U. S. (14 How.) 52, 14 L. Ed. 322. See also Grosscupp v. German Savings & Loan Soc. (C. C.) 162 F. 947. In Merryweather v. United States, 12 F.(2d) 407, 408, the Court of Appeals of this circuit, through Judge Hunt, said: "By thoroughly established rule, when a court, exercising jurisdiction in equity, appoints a receiver, * * * administration of the estate is assumed by the court. The possession of the receiver is the possession of the court. * * * No suit, unless expressly authorized by statute, can be brought against the receiver without the permission of the court which appointed him."

By the same token, when the bankruptcy court acquired jurisdiction of the bankrupt's estate by the filing of the petition and adjudication, administration of the estate is assumed by the court, and the possession of the trustee is the possession of the court.

The injunction issued by the referee is affirmed. The referee will proceed to determine the rights of the exchange to accrued dues and preferred liens, if any, of comembers of the bankrupt in the exchange assertable after the membership passed to the trustee, and settle all adverse claims against the said "seat."