In re BASTANCHURY CORPORATION, Limited.

BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N v. TURNER.

No. 6939.

Circuit Court of Appeals, Ninth Circuit.

Dec. 12, 1932.

Los Angeles, Cal. (Lloyd W. Brooke, of Pasadena, Cal., and Allen W. Ashburn, of Los Angeles, Cal., of counsel), for appellant.

Kyle Z. Grainger, Walter J. Little, and M. L. Rabbitt, all of Los Angeles, Cal., and Carl C. Cowles, of Santa Ana, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and CAVANAH, District Judge.

SAWTELLE, Circuit Judge.

March 21, 1932, the Bastanchury Corporation, Limited, a corporation, was, on creditors' involuntary petition, by the District Court adjudged a bankrupt, and on the same date the matter was duly referred to Ben E. Tarver, one of the referees of the said court.

April 26, 1932, the trustee in bankruptcy of said estate filed a petition with said referee praying for the issuance to appellant, Bank of America National Trust & Savings Association, trustee under a certain trust indenture, of an order to show cause. The petition, inter alia, alleges that in the year 1923 the bankrupt, to secure a voluntary indebtedness in the sum of $1,500,000, executed a trust indenture in which the Hellman Commercial Trust & Savings Bank was designated as trustee, hypothecating for the payment of said indebtedness the real and personal property therein described; that it is provided in said trust indenture that in default thereunder said trustee might enter upon the said lands and premises and operate and manage and control same; that later the appellant became and is now the trustee under said indenture; that on January 25, 1932, said last named trustee, asserting that defaults as provided in said indenture had occurred, entered upon the said land and premises and asserts that it is holding and operating the same under the terms of said indenture; "that upon entering said land and premises as aforesaid the said trustee under said trust indenture, in addition to assuming that it had taken over the control and operation of the real property covered by said trust indenture, assumed to take over the control and operation of all personal property then situate upon the land and premises described in said trust indenture, and that in so doing assumed to take over the control and operation of a large amount of ranch equipment, implements, tools, tractors, mules, trucks, plows, discs and other farming equipment and personal property not in anywise described in

Cruickshank, Brooke & Evans and I. Blair Evans, all of Pasadena, Cal., and Newlin & Ashburn and Gurney E. Newlin, all of

said trust indenture and not in any manner appertaining thereto; that your trustee on the 26th day of April, 1932, demanded of said trustee under said bond indenture that it forthwith deliver over to him all the property so assumed to be under its control and operation, including both the property covered by said trust indenture and the property not so covered as aforesaid, but that said trustee under said bond indenture has failed and refused and still fails and refuses to deliver same over to your trustee; that as trustee in bankruptcy of the estate of said bankrupt your trustee is the owner of and is entitled to the possession and control of all of said property and to operate the same."

The trustee further alleges "that it is vitally necessary to the interest of this estate that your trustee have the possession, control and operation of all of said property," and proceeds to set forth at length his reasons why it is necessary. The more important reasons are: "That the bankrupt herein was engaged in planting, cultivating and caring for other properties adjacent to the property described in said trust indenture, and consisting of approximately 2200 acres, by virtue of a contract between the bankrupt herein and the owners of the said property, and that the said property has come into the hands of your petitioner; and your petitioner is now engaged in cultivating, caring for and marketing citrus and other fruits from the said properties; that prior to said proceedings in bankruptcy the said bankrupt caused many buildings and other improvements, such as blacksmith shops, packing houses and warehouse facilities, to be erected upon the property described in said trust indenture, all of which were erected to enable the bankrupt to pack and ship all fruit and other products grown and harvested upon and from the said 2200 acres in addition to products grown [on] and harvested from the property described in said trust indenture; that the * * * bankrupt expended large sums of money in developing water upon the property described in said trust indenture, equipping water wells with modern pumps and other machinery and building many miles of main and lateral pipe lines for the purpose of distributing water from the property described in said trust indenture to the other tracts in possession of your petitioner and comprising the said 2,200 acres, and if such water so developed is withheld the same may cause irreparable damage to the trees on the other properties in the possession of your petitioner; that upon the land described in said trust indenture are located the adminis-

trative office and other buildings and camps for employees, all of which are necessary for the economical operation of all the properties of said bankrupt; * * * that located upon said property described in the trust indenture are three transcontinental railroads furnishing shipping facilities, which railroads connect directly with the packing plant[s] located upon said property," and that, if petitioner had the facilities of said plants, the citrus fruits grown upon said lands, both those covered and those not covered by the trust indenture, could be handled more economically; that petitioner should have immediate possession of said property in order that he may properly care for it as well as the other property of the estate now in his possession, and "that if the possession of said property is withheld from him * * * the estate of said bankrupt as a whole will suffer and may cause irreparable loss to the creditors of said bankrupt." Further: "That said trustee under said trust indenture has been and is the agent of the bankrupt, and that at the time of the filing of the petition in bankruptcy herein all of the said property was in the constructive possession of the bankrupt and now is constructively in the possession of your trustee." The petitioner then prays for an order to show cause why an order should not be issued decreeing that the appellant, as trustee under the said trust indenture, forthwith deliver over to the petitioner, as trustee in bankruptcy of the said estate, "all of said property so withheld by it to be operated, controlled and managed by said trustee under the direction of this court, and further prays that upon the hearing of said order to show cause that it be ordered, adjudged and decreed that the said Bank of America National Trust and Savings Association, as such trustee, forthwith deliver over to your trustee all of said property."

April 27, 1932, an order to show cause was duly issued and served. Appellant appeared specially before the referee and filed objections to the summary jurisdiction of the court on the ground: "That the above entitled court has no jurisdiction of the subject matter of these proceedings or of this respondent's claim thereto or of this respondent; that the petition of the trustee in bankruptcy herein does not state facts sufficient to constitute a cause of action; that the petition of the trustee in bankruptcy herein does not state facts sufficient to constitute a cause of action for an order requiring this respondent to deliver property to petitioner as in said petition prayed."

On the same date appellant, also appearing specially and solely for the purpose of objecting to the jurisdiction of the court, filed an answer objecting to the summary jurisdiction, on the following grounds:

"That the possession of the real and personal property described in said petition and referred to in said order to show cause, or the right to said possession, was not in the alleged bankrupt at the date of the filing of the petition in bankruptcy herein, nor has said possession nor the right to said possession been in said alleged bankrupt's estate or in this Bankruptcy Court or in this Referee's Court at any time since that date.

"That the possession of said real and personal property and the right thereto has been in this respondent continuously since the 25th day of January, 1932, under and by virtue of the terms and conditions of a trust indenture executed on or about the 15th day of December, 1923, by said alleged bankrupt, wherein said alleged bankrupt duly conveyed said real and personal property to a predecessor and/or assignor of this respondent as security for the payment of bonds of said alleged bankrupt, which bonds are due, owing and unpaid in excess of $1,000,000.00, and for the further security of this respondent as grantee under this conveyance.

"That said possession of said real and personal property and said right thereto is claimed by this respondent on behalf of itself and of the holders of said bonds secured by the conveyance aforesaid, and is claimed adversely to said alleged bankrupt, said alleged bankrupt's estate and said trustee in bankruptcy.

"That this respondent may not be compelled to submit without its consent, which is hereby expressly withheld, to the summary jurisdiction of the above entitled court in the above proceeding."

The appellant also filed a response to said order to show cause in which it challenged the jurisdiction of said court to make any order whatever with respect to the subject-matter of the proceeding described in the said petition for order to show cause, and set forth in detail the execution and recordation of the trust indenture; the default thereunder by the bankrupt; the steps taken by appellant as trustee looking to the sale of the property to discharge the indebtedness secured by the indenture; and the taking of possession of the property under and pursuant to its provisions adversely to the bankrupt—all of which, it is alleged, took place prior to the filing of the petition in bankruptcy. The appellant's response also stated that neither the District Court nor the referee in bankruptcy has any jurisdiction or authority to proceed against the appellant as trustee aforesaid, as attempted by the petition for order to show cause, or by summary process.

The referee denied the appellant's motions to dismiss the petition of the trustee in bankruptcy and proceeded to hear the cause. Evidence, both oral and documentary, having been introduced, the referee made findings of fact and conclusions of law and entered an order thereon commanding the appellant, as trustee, forthwith to deliver over to the said trustee in bankruptcy all of the real and personal property described and referred to in said trust indenture. On review, this order was affirmed, and an appeal therefrom was allowed by the District Court.

■■ The trustee moved to dismiss the appeal from the order of the District Court dated June 8, 1932, entitled "Order Affirming Referee's Order Re Control and Operation of Property," on the ground "that this court is without jurisdiction to entertain said appeal, in that the appellant did not, within thirty days after the rendering and entering of said order and judgment complained of, obtain an order by this court allowing the appeal," and on the further ground "that the order sought to be appealed from is not an order from which an appeal should be allowed, and that same is not an appealable order."

We think that this motion is without merit. Harrison v. Chamberlin, 271 U. S. 191, 192–194, 46 S. Ct. 467, 468, 70 L. Ed. 897. In that case the court said:

"In the course of the administration of the estate of the bankrupt corporation in the District Court for Eastern Oklahoma, the petitioner Harrison, the trustee in bankruptcy, filed a petition for a summary order requiring Mrs. Chamberlin, the respondent, a stranger to the proceeding, to deliver to him certain money in her possession which, he alleged, was the property of the bankrupt, held by her fraudulently and without color or claim of title. She filed a demurrer for want of jurisdiction in the court to proceed summarily. This was overruled. She then answered, asserting that the money was her individual property, acquired and held by her in good faith; and renewing her jurisdictional objection. The matter was referred to the referee in bankruptcy to report his findings of fact and conclusions of law. He reported, upon the evidence, that the respondent's claim was based on fraud and merely colorable; and that the money was an asset of

the estate and subject to the summary jurisdiction of the court. The District Judge confirmed this report and entered a decree finding that the money was an asset of the estate, held by the respondent without color of title and in fraud of the rights of the trustee; and ordering that she deliver it to him forthwith. She appealed from this order to the Circuit Court of Appeals, and also filed a petition for revision in matter of law. The Circuit Court of Appeals, being of opinion that as questions of fact were involved in the hearing, the method of review was by appeal, dismissed the petition to revise. On the appeal, it held that the claim of the respondent was adverse to the trustee and not merely colorable, and that the District Court was therefore without jurisdiction to proceed against the respondent summarily; and the order of the District Court was reversed, with instructions to dismiss the proceeding without prejudice to the institution of a plenary action by the trustee in any court of proper jurisdiction. Chamberlin v. Harrison (C. C. A.) 298 F. 926. This writ of certiorari was then granted. Harrison v. Chamberlain, 266 U. S. 598, 45 S. Ct. 98, 69 L. Ed. 460.

"The contentions of the trustee are: **(1)** That the Circuit Court of Appeals had no jurisdiction to review the order of the District Court under the appeal; and (2) that, even if such jurisdiction existed, the decree reversing that order was erroneous.

"1. It is clear that the proceeding instituted by the trustee for the recovery of property in the possession of the respondent, to which she asserted an adverse claim, presented 'a controversy arising in a bankruptcy proceeding'—as distinguished from an administrative 'proceeding' in bankruptcy— which might be reviewed by the Circuit Court of Appeals, both as to fact and law, by an appeal taken under section 24a of the Bankruptcy Act (11 USCA § 47 (a). Taylor v. Voss (No. 199) 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889, and cases therein cited; Hinds v. Moore, 134 F. 221, 223, 67 C. C. A. 149; In re Eilers Music House (C. C. A.) 270 F. 915, 925.

"2. It is well settled that a court of bankruptcy is without jurisdiction to adjudicate in a summary proceeding a controversy in reference to property held adversely to the bankrupt estate, without the consent of the adverse claimant; but resort must be had by the trustee to a plenary suit. Mueller v. Nugent, 184 U. S. 1, 15, 22 S. Ct. 269, 46 L. Ed. 405; Louisville Trust Co. v. Comingor, 184 U. S. 18, 24, 22 S. Ct. 293, 46 L. Ed. 413;

Jaquith v. Rowley, 188 U. S. 620, 623, 23 S. Ct. 369, 47 L. Ed. 620; Schweer v. Brown, 195 U. S. 171, 172, 25 S. Ct. 15, 49 L. Ed. 144; Galbraith v. Vallely, 256 U. S. 46, 48, 41 S. Ct. 415, 65 L. Ed. 823; Taubel Co. v. Fox, 264 U. S. 426, 433, 44 S. Ct. 396, 68 L. Ed. 770; May v. Henderson, 268 U. S. 111, 115, 45 S. Ct. 456, 69 L. Ed. 870; Board of Education v. Leary, 236 F. 521, 524, 149 C. C. A. 573; Lynch v. Roberson (C. C. A.) 287 F. 433, 435, 437. However, the court is not ousted of its jurisdiction by the mere assertion of an adverse claim; but, having the power in the first instance to determine whether it has jurisdiction to proceed, the court may enter upon a preliminary inquiry to determine whether the adverse claim is real and substantial or merely colorable. And if found to be merely colorable the court may then proceed to adjudicate the merits summarily; but if found to be real and substantial it must decline to determine the merits and dismiss the summary proceeding. Mueller v. Nugent, supra [184 U. S.], 15 [(22 S. Ct. 269), 46 L. Ed. 405]; Louisville Trust Co. v. Comingor, supra [184 U. S.], 25 [(22 S. Ct. 293), 46 L. Ed. 413]; Taubel Co. v. Fox, supra [264 U. S.], 433 [(44 S. Ct. 396), 68 L. Ed. 770]; May v. Henderson, supra [268 U. S.], 116 [(45 S. Ct. 456), 69 L. Ed. 870]; Board of Education v. Leary, supra [236 F.] 525, (149 C. C. A. 573); Lynch v. Roberson, supra [(C. C. A.) 287 F.], 436."

This opinion seems decisive of the question involved in this motion. It has been followed in a number of recent cases, among others the following: Central Republic Bank & Trust Co. et al. v. Caldwell et al., 58 F.(2d) 721 (C. C. A. 8; 1932); Bryan v. Speakman, 53 F.(2d) 463 (C. C. A. 5; 1931); In re Times Square Auto Supply Co., Inc., 47 F.(2d) 210 (C. C. A. 2; 1931), petition for certiorari denied Bank of United States v. Irving Trust Co., 283 U. S. 856, 51 S. Ct. 649, 75 L. Ed. 1463.

The motion to dismiss will be denied.

We think the evidence introduced before the referee, as set forth in the statement of the case on appeal, as well as the allegations of the trustee's petition and the contents of his written demand, above referred to, conclusively establish that the appellant, as trustee under the trust indenture, was, at the time of the filing of the involuntary petition in bankruptcy, at the time the order of adjudication was entered, and for some time prior thereto had been, in the actual possession and occupancy of the premises in question, as described in the trust indenture.

The question here is whether such possession was adverse to the trustee in bankruptcy, within the meaning of the bankruptcy law. If this question be answered in the affirmative, the bankruptcy court was without authority or jurisdiction, in the absence of the consent of appellant, to hear or determine in a summary proceeding the validity of the appellant's claim.

This is likewise true if, under the facts and the law, there exists a "fair doubt and reasonable room for controversy" as to the validity of the adverse claim. Board of Education, etc., v. Leary (C. C. A. 8) 236 F. 521, 525. That case cites with approval the case of Shea v. Lewis (C. C. A. 8) 206 F. 877, 881, in which latter case it was said: "The bankruptcy court, however, has jurisdiction under an order to show cause to investigate and determine whether or not it had at the time the petition for the order to show cause was filed, or at any other time, actual possession of the property involved in the order, and whether those asserting lien or title have a substantial, or only a frivolous and baseless, adverse claim. In re Rathman, 183 F. 913, 918, 106 C. C. A. 253; Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405; Bryan v. Bernheimer, 181 U. S. 188, 21 S. Ct. 557, 45 L. Ed. 814; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413. If it had no such possession, and if the claim asserted is actual and substantial, as distinguished from one merely colorable and fictitious, it may proceed no further, but should decline to adjudicate on the merits without consent. If it errs in its ruling either way, its action is subject to review. Mueller v. Nugent, 184 U. S. 1, 15, 22 S. Ct. 269, 46 L. Ed. 405. Such a claim may be adverse and substantial, even though in fact fraudulent and voidable. Johnston v. Spencer, 195 F. 215, 115 C. C. A. 167; Cooney v. Collins, 176 F. 189, 192, 99 C. C. A. 543; Mueller v. Nugent, 184 U. S. 15, 22 S. Ct. 269, 46 L. Ed. 405; In re Michie (D. C.) 116 F. 749." See, also, quotation from Harrison v. Chamberlin, supra.

The trustee alleged, and the referee found, that the appellant, as trustee under the trust indenture went into the possession of the property described in the trust indenture as agent of the bankrupt, and that therefore the property was constructively in the possession of the trustee in bankruptcy. Taubel, etc., Co. v. Fox et al., 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770, and other cases are cited as supporting this contention. The Supreme Court in the Taubel Case said, at pages 432,

433 of 264 U. S., 44 S. Ct. 396, 398: "By the act of 1898, as originally enacted, the power of the bankruptcy court to adjudicate, without consent, controversies concerning the title, arising under either section 67e or section 60b, or section 70e [11 USCA §§ 96 (b), 107 (e), 110 (e)], was confined to property of which it had possession. The possession, which was thus essential to jurisdiction, need not be actual. Constructive possession is sufficient. It exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was not delivered by him to the trustee; where the property was delivered to the trustee, but was thereafter wrongfully withdrawn from his custody; *where the property is in the hands of the bankrupt's agent or bailee;* where the property is held by some other person who makes no claim to it; and where the property is held by one who makes a claim, but the claim is colorable only."

The rule contended for by appellee, that, according to California law, the trustee in a trust indenture is the agent for both the trustor and the beneficiary, is subject to qualifications.

To be sure, he is the agent of both for certain purposes. After default by the trustor, the trustee in possession must manage and control the property to the best interest of all concerned, must give a strict account of moneys collected, and must pay over to the trustor any surplus remaining in his hands after the sale of the property. But this relation does not, in our opinion, prevent the trustee under a trust indenture, such as the one here in question, after default by the trustor, from holding the property as an adverse claimant, within the meaning of the Bankruptcy Act, or from foreclosing the indenture according to the terms thereof. After default, the trustee is an agent of the trustor to a limited extent only, and the trustee's duties and powers are those prescribed by the instrument itself. By that instrument the purchaser authorizes the trustee, after default, to enter upon the premises, dispossess the trustor, and dispose of the property in accordance with law and the powers contained in the instrument. It would be futile for the trustee to take possession of the property and dispossess the trustor if he at the same time took possession and thereafter held the property as the *agent* of the trustor, and thereby brought about a situation that would make it impossible for him to proceed as directed in the trust indenture. In entering into posses-

sion and ousting the trustor, the trustee is necessarily acting adversely to the trustor, except as above stated; namely, he must conserve the property, and, after a sale thereof, must properly dispose of the surplus, if any.

Evidence was offered before the referee as to the property described in the trust indenture, to the effect that its value exceeds the amount of the indebtedness secured by the indenture; that it is necessary in the interest of the estate that the trustee in bankruptcy have possession, control, and operation of the property, in connection with other property of the estate; that the property described in the trust indenture is not being properly cared for by the trustee bank; and that, if the possession of the property is withheld from the appellee, the estate of the bankrupt as a whole will suffer and may cause irreparable loss to the creditors of the bankrupt.

The District Court held that "The property should be managed and controlled as a unit, no deterioration of course occurring, until such reasonable time as it may appear that the only remedy is to proceed with the sale under the deed of trust." The court ordered that the appellant herein should forthwith deliver to the trustee in bankruptcy all of the property covered by the trust indenture.

The reasons assigned by the trustee in bankruptcy why the property should be delivered to him might be persuasive if the question of jurisdiction were not involved; but where, as here, it is clear that there is a substantial adverse claim, made in good faith by one in possession, the court is without power to consider the equities of the case, or to deal with the property summarily.

This is especially true where, as here, it is shown that the trustee under the indenture entered upon and took possession of the property, and gave notice of sale pursuant to the power contained in the indenture, about a month prior to the filing of the petition in bankruptcy.

Proceedings for the foreclosure of the trust indenture were begun prior to February 19, 1932, the date of the filing of the petition in bankruptcy, and we think that the trustee under the said indenture should no longer be denied the right to proceed in accordance with the terms thereof.

Therefore, the order of the District Court denying the appellant's petition for review and affirming the order of the referee is reversed, and the possession of the trust estate heretofore taken from the appellant is ordered restored. Nothing herein contained, however, is to be construed as denying the right of the trustee in bankruptcy of asserting his claims to possession of the property covered by the trust indenture, in a plenary action.

Motion denied, and order reversed.

## In re BASTANCHURY CORPORATION, Limited.

## BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N v. Ashby TURNER.
## No. 6940.

Circuit Court of Appeals, Ninth Circuit.
Dec. 12, 1932.

Cruickshank, Brooke & Evans and I. Blair Evans, all of Pasadena, Cal., and Newlin & Ashburn and Gurney E. Newlin, all of Los Angeles, Cal. (Lloyd W. Brooke, of Pasadena, Cal., and Allen W. Ashburn, of Los Angeles, Cal., of counsel), for appellant.

Kyle Z. Grainger, Walter J. Little, and M. L. Rabbitt, all of Los Angeles, Cal., and Carl C. Cowles, of Santa Ana, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges and CAVANAH, District Judge.