## WIGHT v. STREET.*
### No. 6791.

Circuit Court of Appeals, Ninth Circuit.
Jan. 30, 1933.

C. H. Sooy, of San Francisco, Cal., for appellant.

Charles H. Patterson and M. Harris Callum, both of Oakland, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

SAWTELLE, Circuit Judge.

The trustee in bankruptcy filed a petition for a summary order requiring appellant, Florence A. Wight, a stranger to the proceeding, to show cause why an order should not be made in such proceeding determining that said appellant had no right, title, or interest of any kind in and to certain real property located on Market street, in the city of Oakland, Cal.; and requiring said appellant to forthwith make, execute, and deliver unto the said trustee a proper deed of conveyance of said property. Later an amended petition was filed, alleging that on August 8, 1930, at the time of her adjudication as a bankrupt and for a long time prior thereto, the said bankrupt, Mintie E. Frisbie (hereinafter referred to as the bankrupt), was the owner and possessed of the above-mentioned real property. An order to show cause was duly issued and served. Appellant, appearing specially, filed her return to the order to show

*Rehearing denied March 13, 1933.

cause challenging the jurisdiction of the bankruptcy court to adjudicate the merits of her claim to the property in question in a summary proceeding without her consent. The motion was overruled. The trustee called as witnesses, among others, the bankrupt and the appellant. Appellant is the adopted daughter of the bankrupt.

The bankrupt testified that on August 15, 1913, she executed a declaration of trust covering the property in question, in words and figures as follows:

"Aug. 15, 1913.
"Oakland, Calif. (1423 Grove St.)

"I hereby solemnly promise and pledge myself to neither sell, mortgage or transfer the said property situated or located on Market St., Oakland, Calif., between 15th and 16th street, known as 1528–32 Market St.; or let it pass out of my name with my consent to any one excepting my daughter Florence A. Christian; it being held in trust by me for her until she and I agree on a time for the transfer to her. In case of her death before she reaches the age of 21 years or a transfer is made, the property shall revert to me and in turn go to my heirs. In case I shall die first or before she does and in case she be not of legal age, then I desire that the Central Bank of Oakland, Calif., shall carry on the trust until the time arrives when the property shall be turned over to her; at no time do I want Hettie White (also known as Mrs. M. T. White) or any of her family to handle this trust; this property is for the sole benefit of my daughter, Florence A. Christian. Hettie White above mentioned cancelled all her rights to said Florence A. Christian at the time she was 8 mos. and 23 days old—by my adoption rights. My divorced husband (Fred H. Christian) I understand has made in writing a satisfactory settlement for our daughter's benefit and given it to Hettie White to keep; he also states he will join his settlement to this one of mine for the benefit of Florence A. Christian.

"I give as a mother to her child.
    "Mintie Christian [now Frisbie]
    "1423 Grove Street, Oakland, Calif.
"August 15, 1913."

The bankrupt testified that this instrument was given to her former husband to be combined with one he was supposed to execute in favor of appellant; that the document was returned to and retained by the bankrupt; that years before these proceedings in bankruptcy were instituted, the bankrupt offered to convey this property to appellant, but did not do so because appellant thought she was too

young to manage the property, and requested the bankrupt to keep it until a later time. Numerous reasons, not necessary to be set forth in detail, were given why the property was not transferred to appellant until May 21, 1930. On the latter date the bankrupt executed a deed conveying the title to the property to appellant. The bankrupt further testified that at all times after the execution of the alleged declaration of trust she held the property for appellant, and managed and controlled it for her; that she never mortgaged or otherwise incumbered it, as she did her other property; that she told numerous friends and acquaintances that the property belonged to appellant, and that it was not her fault that the property was not actually conveyed to appellant long prior to May 21, 1930; that she retained possession of the property up to the time of the execution of the deed on May 21, 1930, and on that date appellant suggested that, in view of the bankrupt's financial troubles, the bankrupt turn over the property to appellant.

Appellant testified that on May 21, 1930, she told the bankrupt she thought it was time she was taking over the property in her own name, and that on that date the bankrupt gave up the management of the property and delivered to appellant the deed above referred to; that appellant saw the declaration of trust when she was ten or twelve years of age and remembered this fact because of the heated discussion that took place between the bankrupt and her then husband.

Several witnesses, including the bankrupt's present husband, testified to conversations with the bankrupt as early as 1915, in which the latter told them that she held this property in trust for her daughter, the appellant.

The referee held that the conveyance of the property on May 21, 1930, was made with intent to hinder and delay the bankrupt's creditors. He concluded that said property belonged to the bankrupt, and entered an order requiring appellant to execute a conveyance of the same to the trustee in accordance with the prayer of the latter's petition. On review, the referee's order was affirmed.

It is contended that the trustee took actual possession of the property in question, as found by the referee; but the evidence does not justify such a conclusion. On the contrary, the trustee's entire testimony shows that he took possession only of one room or store located in the building.

The question is whether the adverse claim is real and substantial, or merely colorable.

We recently had occasion to consider this question in the case of In re Bastanchury Corporation, Ltd. (Bank of America v. Turner, Trustee), 62 F.(2d) 537, decision by this court December 12, 1932, and many of the authorities there cited are apposite here. Our conclusion is that the bankruptcy court was without jurisdiction of the merits in a summary proceeding. As said by the court in Shea v. Lewis (C. C. A. 8) 206 F. 877, 884: "We adhere to the wholesome rule 'which assures a trial of the merits of' such claims 'in a plenary suit at law or in equity under the rules of pleading, of practice, and of evidence, that wisdom and experience have found most conducive to the discovery of the truth and the administration of justice.' In re Rathman (C. C. A.) 183 F. 913, 929, 106 C. C. A. 253, 269." This rule is especially applicable where, as here, the order directs the conveyance of the title to real property by a stranger to the bankruptcy proceeding.

The order of the District Court is reversed, without prejudice to the right of the trustee to institute a plenary action.