**KATERNDAHL et al. v. TITLE INS. & TRUST CO. et al.**

No. Z–36.

District Court, S. D. California, Central Division.

March 10, 1933.

R. W. Katerndahl, of Los Angeles, Cal., for plaintiff.

Arch H. Vernon, of Los Angeles, Cal., for defendant Title Ins. & Trust Co., trustee.

Willcox & Judson, of Los Angeles, Cal., for defendant Leslie S. Bowden, receiver in bankruptcy.

JAMES, District Judge.

National Thrift Corporation, now a bankrupt, conducted a business of marketing securities of its own which it sold under the various names of "thrift certificates, bonds, annuities, and contracts." It appointed, by an instrument in writing, Title Insurance & Trust Company, as trustee to hold securities to be deposited by it, for the protection and liquidation of the obligations referred to. The instrument was lengthy and the obligation of the thrift corporation was to see that at all times there was in the hands of the trustee sufficient securities, mortgages, etc., to protect the trust. Its obligation was to see that the interest was paid on such mortgage securities; also taxes. The trust instrument provided that in case of default in the obligations of the thrift corporation, the trustee should have the right, upon the request of holders of securities to the amount of 25 per cent. of the total aggregate of principal of said securities, to proceed to sell the security property held in trust and apply the proceeds in satisfaction of the obligations held by the purchasers of the bonds, certificates, annuities, etc. One of the events which it was provided would give the trustee the right to so act was the insolvency of the thrift corporation.

The suit here is on behalf of the plaintiffs who allege that they are the holders of certificates of indebtedness of the thrift corporation in excess of $3,000 and that the action is brought on behalf of all holders of such obligations in whatever name issued. It is alleged that the thrift corporation is in bankruptcy and has failed to pay taxes or interest on the security mortgages held by the trustee, and that such securities have depreciated in value so as not to be sufficient to cover the principal of the indebtedness for which they were deposited; further, that plaintiffs are entitled to have an accounting rendered; further, that there is no person authorized to collect the principal or interest of the securities held in the trust estate, or to foreclose mortgages or trust deeds, or to purchase for the benefit of the trusts the property covered by any mortgage or trust deed, in the event the same should be sold. A receiver is asked for pending the termination of the cause. The trustee under the trust instrument makes no special opposition to the granting of the petition for the appointing of a receiver. It is made to appear that such trustee is not empowered to purchase in separate parcels the property covered by the mortgage securities held in the trust, and for that reason alone, with the depreciated condition of such securities, a loss would be suffered by the investors. It is represented, and is undoubtedly true, that a receiver can operate the trust and dispose of properties therein to much greater financial advantage than can the trustee with his limited powers.

■■ The trustee in bankruptcy of the thrift corporation takes the position that he is entitled to take charge of the property in the trust, as the ownership of the securities held therein was in the thrift corporation and so continued. He argues that under the Bankruptcy Law (11 USCA) the title to all property of the bankrupt immediately descends to the trustee. As to this contention there can be no doubt. However, the property held by the trustee of the trust was deposited there as security for the benefit of the holders of obligations of the thrift corporation. The trust contract not only specifically so provides, but also provides for the liquidation of the trust by the trustee upon any default being committed by the thrift corporation. Under no view of the matter can the trustee in bankruptcy be allowed to take from the trustee and administer as a part of the bankrupt estate the property so impressed with the lien. A somewhat similar situation arose in the case of Bank of America National Trust & Savings Association, Trustee under a Certain Trust Indenture, v. Ashby Turner, Trustee in Bankruptcy of Bastanchury Corporation, 62 F.(2d) 537, 542, decided by the Circuit Court of Appeals for this circuit on December 12, 1932. There the trustee for bondholders claimed the right to have possession of the real property securing the bond issue, as provided in the trust instrument. The trustee in bankruptcy contended that he had the right to take possession of the same. The court said:

"The rule contended for by appellee, that, according to California law, the trustee in a trust indenture is the agent for both the trus-

554

tor and the beneficiary, is subject to qualifications.

"To be sure, he is the agent of both for certain purposes. After default by the trustor, the trustee in possession must manage and control the property to the best interest of all concerned, must give a strict account of moneys collected, and must pay over to the trustor any surplus remaining in his hands after the sale of the property. But this relation does not, in our opinion, prevent the trustee under a trust indenture, such as the one here in question, after default by the trustor, from holding the property as an adverse claimant, within the meaning of the Bankruptcy Act, or from foreclosing the indenture according to the terms thereof. After default, the trustee is an agent of the trustor to a limited extent only, and the trustee's duties and powers are those prescribed by the instrument itself. By that instrument the purchaser authorizes the trustee, after default, to enter upon the premises, dispossess the trustor, and dispose of the property in accordance with law and the powers contained in the instrument."

The trustee in bankruptcy has only the right to receive the overplus, if any, that there may remain after the obligations created by the trust are satisfied. The trustee in bankruptcy has no right to administer the trust because no such power is included within the contract terms. The trust instrument not only provides for the liquidation of the trust property upon the default of the trustor, but provides further that the trustee may have recourse to all of the property of the trustor and to have a receiver thereof appointed where default occurs. The situation, as before mentioned, is that the rights and interests of the holders of securities are jeopardized; the trustee is, because of limited powers, unable to properly protect those interests. As the trustee does not question its inability to handle the trust property to the best advantage of the security holders, and the fact appearing that there is likely in any event to be substantial loss to such security holders, the case seems an appropriate one wherein a disinterested receiver should be appointed. How that receiver shall proceed in the management of the trust will, of course, be regulated by orders of the court.

It is ordered that Frank C. Mortimer be, and he is, appointed receiver pendente lite of National Thrift Corporation Trust No. B-5918, with bond in the sum of $50,000, which shall be increased at any time it is shown that the receiver has in his hands money in excess of said amount. A written order of appointment with specific terms shall be prepared.