### In re H. B. LAKE & CO.
### No. 2886.

District Court, D. Montana, Great Falls Division.

June 30, 1933.

Molumby, Busha & Greenan, Loy J. Molumby, C. T. Busha, Jr., and Philip Greenan, all of Great Falls, Mont., for trustee in bankruptcy.

John G. Brown, of Helena, Mont., and W. F. O'Leary, of Great Falls, Mont., for Lake Grain Co.

PRAY, District Judge.

A petition was filed herein by the Receiver in the above cause alleging in effect that the stock and property of the Lake Grain Company were in reality the stock and property of the above-named bankrupt, and it sought to restrain the officers, and others acting for and in behalf of the Lake Grain Company, from disposing of any of the books, records, or other property of the Lake Grain Company, or in any manner disturbing the possession of the receiver; and further it is sought by said petition through summary proceedings to bring the property into the court of bankruptcy, it allegedly belonging to bankrupt with the claim of separate entity colorable and fictitious. These allegations seem to have been clearly and convincingly established at the hearing heretofore held on the return of the order to show cause why the receiver's petition should not be granted. At the time of hearing, the creditors of bankrupt had met with referee, A. H. Gray, to whom the case after adjudication had been referred, and had elected Warren Toole as trustee, he being the same person who, as receiver, filed the petition herein. Counsel appearing for the Lake Grain Company cite the law controlling the appointment of receivers, as follows: "(3) appoint receivers or the marshalls, upon application of parties in interest in case the court shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified." The foregoing language is plain, and one could hardly have any doubt as to its meaning and applicability to the state of facts found in this case; or any doubt that the substitution of the trustee for the receiver at the hearing was the correct procedure as indicated in the statute hereinafter quoted. Courts of bankruptcy have the power to "(6) bring in and substitute additional persons or parties in proceedings in bankruptcy when necessary for the complete determination of a matter in controversy." Section 11, title 11 USCA subd. 6. Many like proceedings have been started by the receiver and continued by the trustee, on application for and order of substitution by the court. The cases cited fairly illustrate the rule to be followed.

Another contention of counsel for the grain company seems to be that this matter

cannot be disposed of in a summary proceeding but that recourse must be had to a plenary suit by the trustee. Under the evidence here the property of the two companies, officered by the same persons, are so commingled and the separate entities of each so closely allied it seems to be the duty of the court to determine the issues here presented at once, and thereby forestall any further delay and prevent the additional expense that would have to be incurred in a plenary suit by the trustee. For such authority the court refers to cases cited by counsel on both sides, and especially to the case cited twice by counsel for the grain company, decided recently in the Ninth Circuit Court of Appeals, as follows: "It is well settled that a court of bankruptcy is without jurisdiction to adjudicate in a summary proceeding a controversy in reference to property held adversely to the bankrupt estate, without the consent of the adverse claimant; but resort must be had by the trustee to a plenary suit. [Cases cited.] However, the court is not ousted of its jurisdiction by the mere assertion of an adverse claim; but, having the power in the first instance to determine whether it has jurisdiction to proceed, the court may enter upon a preliminary inquiry to determine whether the adverse claim is real and substantial or merely colorable. And if found to be merely colorable the court may then proceed to adjudicate the merits summarily; but if found to be real and substantial it must decline to determine the merits and dismiss the summary proceeding. [Cases cited.]" In re Bastanchury Corporation (C. C. A.) 62 F.(2d) 537, 541.

There seems to be no question that the bankruptcy court has the power in the first instance to determine what are the existing conditions and whether under them it has the right to proceed; and, having heard the testimony at the hearing, and being convinced that the grain company is merely an adjunct or subsidiary of the bankrupt, there appears to be no valid reason why the controversy should not be brought to an end in the pending summary proceeding. The findings and conclusions submitted by counsel for the receiver and trustee appear to be justified by the evidence and the principles of law applicable, and they are hereby adopted as the findings of fact and conclusions of law by the court.

A decree will be entered in conformity therewith.